# *IN THE SUPREME COURT, STATE OF WYOMING*

## 2014 WY 55

*April Term, A.D. 2014*

*April 23, 2014*

| | |
|---|---|
| BOARD OF PROFESSIONAL RESPONSIBILITY, WYOMING STATE BAR, <br><br> Petitioner, <br><br> v. <br><br> SCOTT M. POWERS, WSB No. 6-3188, <br><br> Respondent. | D-14-0005 |

## ORDER SUSPENDING ATTORNEY FROM THE PRACTICE OF LAW

[¶1]    **This matter** came before the Court upon a "Report and Recommendation for Suspension," filed herein April 11, 2014 by the Board of Professional Responsibility for the Wyoming State Bar, pursuant to Section 16 of the Disciplinary Code for the Wyoming State Bar (stipulated discipline).  The Court, after a careful review of the Board of Professional Responsibility's Report and Recommendation and the file, finds that the Report and Recommendation should be approved, confirmed and adopted by the Court, and that Respondent Scott M. Powers should be suspended from the practice of law for a period of nine months.  It is, therefore,

[¶2]    **ADJUDGED AND ORDERED** that the Board of Professional Responsibility's Report and Recommendation for Suspension, which is attached hereto and incorporated herein, shall be, and the same hereby is, approved, confirmed, and adopted by this Court; and it is further

[¶3]    **ADJUDGED AND ORDERED** that, as a result of the conduct set forth in the Report and Recommendation for Suspension, Respondent Scott M. Powers shall be, and hereby is, suspended from the practice of law for a period of nine months, beginning May 1, 2014; and it is further

[¶4]   **ORDERED** that Respondent shall comply with Section 22 of the Disciplinary Code for the Wyoming State Bar.  That Section governs the duties of disbarred and suspended attorneys; and it is further

[¶5]   **ORDERED** that, pursuant to Section 26 of the Disciplinary Code for the Wyoming State Bar, Mr. Powers shall reimburse the Wyoming State Bar the amount of $50.00, representing the costs incurred in handling this matter, as well as pay the administrative fee of $500.00.  Mr. Powers shall pay the total amount of $550.00 to the Clerk of the Board of Professional Responsibility on or before June 2, 2014; and it is further

[¶6]   **ORDERED** that the Clerk of this Court shall docket this Order Suspending Attorney from the Practice of Law, along with the incorporated Report and Recommendation for Suspension, as a matter coming regularly before this Court as a public record; and it is further

[¶7]   **ORDERED** that, pursuant to Section 4(a)(iv) of the Disciplinary Code for the Wyoming State Bar, this Order Suspending Attorney from the Practice of Law, along with the incorporated Report and Recommendation for Suspension, shall be published in the Wyoming Reporter and the Pacific Reporter; and it is further

[¶8]   **ORDERED** that the Clerk of this Court cause a copy of this Order Suspending Attorney from the Practice of Law to be served upon Respondent Scott M. Powers.

[¶9]   **DATED** this 23rd day of April, 2014.


                              **BY THE COURT:**

                              /s/

                              **MARILYN S. KITE**
                              **Chief Justice**

D-14-0005

IN THE SUPREME COURT
STATE OF WYOMING
FILED

APR 1 1 2014

CAROL THOMPSON, CLERK
by CHIEF DEPUTY

BEFORE THE BOARD OF PROFESSIONAL RESPONSIBILITY
WYOMING STATE BAR
STATE OF WYOMING

In the matter of                    )
SCOTT M. POWERS,                    )
WSB No. 6-3188,                     )        Docket Nos. 2013-149, 2013-171
                                    )            2014-003 & 2014-012
            Respondent.             )

## REPORT AND RECOMMENDATION FOR SUSPENSION

The Board of Professional Responsibility makes the following Report and Recommendation, with its findings of fact, conclusions of law, and recommendation to the Supreme Court of Wyoming.

### FINDINGS OF FACT

1.      Respondent was admitted to the Bar in 1997 and maintains a law practice in Cheyenne, Wyoming.

2.      This matter arises from four disciplinary complaints brought against Respondent during 2013 and 2014, all of which come on the heels of a public censure that was issued to Respondent in December 2013. The press release that accompanied the December 2013 order of public censure described Respondent's conduct as follows:

> Cheyenne attorney Scott M. Powers received a public censure for his conduct in three different matters in which his clients complained to the Wyoming State Bar. The first was a matter in which Powers undertook to facilitate the return of some funds to his client, but the matter dragged on for several months due to Powers' lack of diligence.
> The second matter was a landlord-tenant dispute in which Mr. Powers obtained a judgment in favor of the landlord but failed to diligently pursue collection of the judgment and failed to respond to his client's inquiries regarding his efforts to collect the judgment.

The third matter was one in which Mr. Powers undertook to represent a client on two traffic citations and accepted a $750.00 fee. Mr. Powers thereafter failed to appear at a hearing in the matter, which resulted in the forfeiture of the bond that had been posted by the client in both matters. Mr. Powers subsequently failed to follow through on efforts to resolve the matter with the district attorney, and ultimately refunded the $750.00 fee to the client.

The Wyoming Rules of Professional Conduct regulate the conduct of members of the Wyoming State Bar. Mr. Powers violated Rule 1.3, which requires a lawyer to act with reasonable diligence and promptness in representing a client. Mr. Powers also violated Rule 1.4, which requires a lawyer to maintain reasonable communication with a client.

Mr. Powers stipulated to these facts and consented to this discipline. The Board of Professional Responsibility approved the stipulation, recommending that the Wyoming Supreme Court publicly reprimand Mr. Powers. After reviewing the record and recommendation, the Wyoming Supreme Court entered its order publicly censuring Mr. Powers and ordering him to pay an administrative fee of $500 and costs of $50 to the Wyoming State Bar.

3.      The four new complaints have much in common with the three for which Respondent received the public censure in 2013. In each, Respondent failed to complete the legal work for which he was hired in a timely manner. In each, Respondent's client was injured as a result of his lack of competence, diligence and failure to communicate.

4.      In the first of the four new cases, No. 2013-149, Respondent agreed to assist with the disposition of a house held in a small estate. Respondent failed to complete the work in a timely manner, resulting in carrying costs on the house being borne by one of the heirs for more than two years after the death of the decedent. Respondent acknowledges that his conduct in this case violated Rules 1.3 (diligence) and 1.4 (communication with client) of the Wyoming Rules of Professional Conduct.

5.      In the second case, No. 2013-171, Respondent represented a couple in an adoption case. Respondent failed to timely file a notice of appeal, resulting in the dismissal of his cli-

2

ents' appeal from the court's order following a bench trial. Respondent also failed to respond to numerous inquiries over a period of several weeks from the court reporter regarding payment for the trial transcript. Respondent acknowledges that his conduct in this case violated Rules 1.1 (competence), 1.3 (diligence) and 3.4(c) (failure to comply with the rules of the tribunal).

6. In the third case, No. 2014-003, Respondent agreed to represent a criminal defense client in a post-conviction motion for modification of sentence. At the time, the client was incarcerated at the Wyoming State Penitentiary in Rawlins. In March 2012, the client paid a $500 retainer to Respondent. Thereafter, Respondent failed to communicate with the client regarding the case and failed to respond to numerous, written inquiries from the client during 2012. In early December 2012, Respondent wrote to the client and indicated that he would come to Rawlins to meet with the client before Christmas. Respondent did not do so, nor did he attempt to communicate otherwise with the client. Respondent failed to respond to numerous inquiries from the client in the early months of 2013. In April 2013 the client was transferred to a prison in Minnesota. In June 2013 the client wrote to Respondent and requested information about the sentence modification. Respondent did not respond. The client wrote again in October and November 2013. Respondent did not respond. The client, who had submitted a previous complaint about similar conduct by Respondent in 2011, submitted a new complaint to Bar Counsel. Respondent acknowledges that his conduct with respect to this case violated Rules 1.3 and 1.4.

7. In the fourth case, No. 2014-12, Respondent undertook to represent a criminal defendant on an appeal to the Tenth Circuit Court of Appeals. The client filed a motion to proceed pro se and to terminate Respondent. Respondent filed a motion to withdraw but failed to read

3

the order allowing his withdrawal, which required Respondent to return all documents in his possession to the client. When this omission was brought to his attention, Respondent returned the documents, albeit several weeks late. Respondent acknowledges that his conduct with respect to this case violated Rules 1.3 and 1.4.

8. Respondent agrees and acknowledges that he was negligent in failing to act with reasonable diligence in the three matters and in failing to maintain reasonable communication with his clients. Respondent agrees to accept a suspension for a period of nine (9) months. Respondent understands that if he desires to return to the practice of law it will be necessary for him to file a petition for reinstatement with the Wyoming Supreme Court pursuant to Section 24 of the Disciplinary Code for the Wyoming State Bar.

## CONCLUSIONS OF LAW

9. Standard 2.3 of the ABA Standards for Imposing Lawyer Sanctions defines "suspension" as "the removal of a lawyer from the practice of law for a specified minimum period of time." Standard 3.0 provides, "In imposing a sanction after a finding of lawyer misconduct, a court should consider the following factors:"

(a) the duty violated;
(b) the lawyer's mental state; and
(c) the actual or potential injury caused by the lawyer's misconduct; and
(d) the existence of aggravating or mitigating factors.

10. Misconduct of the sort engaged in by Respondent, which essentially involves violation of a duties owed to a client, is addressed in Section 4.4, "Lack of Diligence." Subsection 4.42 provides, "Suspension is generally appropriate when:

4

(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client, or

(b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.

11.    Section 9.1 of the ABA Standards for Imposing Lawyer Sanctions provides for consideration of aggravating and mitigating circumstances in deciding on an appropriate sanction. Section 9.21 defines aggravating circumstances as "any consideration, or factors that may justify an increase in the degree of discipline to be imposed." Section 9.31 defines mitigating circumstances as "any considerations, or factors that may justify a reduction in the degree of discipline to be imposed."

a.    The applicable aggravating factors are:

i.  Section 9.22(a)-prior disciplinary offenses.
ii. Section 9.22(b)-dishonest or selfish motive.
iii.Section 9.22(c)-a pattern of misconduct.
iv.Section 9.22(d)-multiple offenses.
v.  Section 9.22(h)-vulnerability of victim.
vi.Section 9.22(i)-substantial experience in the practice of law. Respondent was first admitted to practice in 1994.

b.    The applicable mitigating factor is Section 9.32(e)-full and free disclosure to Bar Counsel and cooperative attitude toward proceedings.

## RECOMMENDATION

As an appropriate sanction for his violations of Rules 1.1, 1.3 and 1.4 of the Wyoming Rules of Professional Conduct, the Board of Professional Responsibility recommends that Respondent: (1) be suspended from the practice of law for a period of nine (9) months; and (2)

be ordered to pay the administrative fee in the amount of $500.00 and administrative costs of $50.00 within ten days of approval of the report and recommendation by the Wyoming Supreme Court.

DATED this _8th_ day of April, 2014.

_____
Rex O. Arney, Vice Chair
Board of Professional Responsibility
Wyoming State Bar